UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 4:14-275 |
| THUNG VAN HUYNH, | : | (JUDGE MANNION) |
| Defendant | : | |

**MEMORANDUM**

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the Defendant Thung Van Huynh based upon ineffective assistance of counsel. (Doc. 231). For the reasons set forth below, the motion will be **DENIED** without the need for an evidentiary hearing.

**I.   BACKGROUND**

By way of relevant background, on November 12, 2015, a grand jury returned a five-count Superseding Indictment against Defendant and two others. Count 1 charged Defendant with violating 18 U.S.C. §1349 for conspiracy to commit wire fraud and bank fraud. Counts 2 and 3 charged Defendant with wire fraud in violation of 18 U.S.C. §1343. Count 4 charged Defendant with conspiracy/fraud in connection with identification documents

in violation of 18 U.S.C. §1028(f). Finally, Count 5 charged Defendant with aggravated identity theft in violation of 18 U.S.C. §1028(a)(1).

On January 9, 2017, Defendant entered into a plea agreement wherein he agreed to plead guilty to Count 1 of the Superseding Indictment. (Doc. 165). The terms of the agreement provided that the Defendant stipulated and consented to, *inter alia*, a 4-level increase for Defendant's organizer/leadership role; however, he "reserve[d] the right to oppose an aggravated role adjustment." (Doc. 165, at 8). Additionally, the parties added a handwritten note that stated, "nothing precludes the defendant from arguing for a below-guideline sentence." (Doc. 165, at 8).

On January 11, 2017, Defendant appeared in court, the court granted his motion to withdraw his plea of not guilty, and Defendant entered a guilty plea to Count 1. (Doc. 167; Doc. 168). At the hearing, Defendant was provided with a Vietnamese interpreter, though he confirmed his attorney's statement that he both speaks and reads English proficiently. (Doc. 225, at 20). Defendant's attorney stated that he "spent an enormous amount of time . . . about four hours, not only going over each paragraph line by line but also explaining it in . . . an easy way to understand each of the provisions," and that he was "very confident that [Defendant] underst[ood] the terms of the plea agreement." (Doc. 225, at 17). Defendant stated under oath that he understood the contents of the plea agreement, that its contents were "fully explained to him" by his attorney, that he had no questions about it, and that

everything within the plea agreement was acceptable to him. (Doc. 225, at 12).

A Presentence Report ("PSR") was ordered by the court and prepared by the probation office. A draft PSR was distributed to the parties on April 24, 2017, and a final PSR on June 8, 2017. The aforementioned 4-level enhancement was included in the PSR. An addendum was issued that indicated Defendant objected to numerous enhancements, including the 4-level enhancement because he did not have any critical decision-making authority and did not receive a substantial share of the proceeds. (Doc. 204).

On June 23, 2017, Defendant, through counsel, filed a sentencing memorandum in response to the PSR. (Doc. 210). In it, he argued that he should not be subject to the 4-level leadership enhancement because the Superseding Indictment named only three participants, and the fourth individual who was indicted separately was not identified in the present PSR or Superseding Indictment. Additionally, he argued that the government conceded that he "work[ed] as a team" and was "partners" with Phil Nguyen, one of the participants. (Doc. 210, at 10). Finally, he argued that there was no evidence he had any decision-making authority over the others, recruited them into the conspiracy, or claimed a larger share of the fruits of the crime.

On June 27, 2017, the court sentenced Defendant to 70 months imprisonment. (Doc. 216). At the sentencing hearing, the court overruled Defendant's objection to the 4-level leadership enhancement, agreeing with

the government that Defendant was the leader and organizer of the group, that the scheme involved at least five participants and, even if it did not, Defendant's involvement was "otherwise extensive" under §3B1.1(a).

On June 30, 2017, Defendant filed a notice of appeal with the Third Circuit, arguing that, among other things, this court erred in applying the 4-level enhancement for Defendant's role as an organizer or leader of the conspiracy. (Doc. 217). On April 18, 2018, the Third Circuit affirmed Defendant's conviction and sentence. (Doc. 230).

On August 14, 2018, Huynh filed the present motion to vacate. (Doc. 231). On October 24, 2018, the government filed a brief in opposition. (Doc. 235). Defendant filed a reply brief on November 19, 2018. (Doc. 236).

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. See *United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See *United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. See *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court

has found that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Thus, under *Strickland*, to prove that his counsel was deficient at trial or sentencing, the defendant must convince the court of two factors, deficient performance by counsel and prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687. Satisfying the first factor, deficient performance, requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. *See Marshall v. Cathel*, 428 F.3d 452, 462 (3d Cir.2005) (quoting *Strickland*, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by

demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Strickland*, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings . . . not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding." *Id.* (quoting *Strickland*, 466 U.S. at 693). Additionally, counsel cannot be held to be ineffective for failing to pursue a meritless issue. *Werts v. Vaughan*, 228 F.3d 178, 203 (3d Cir. 2000).

      Relief under section 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the *Strickland* test. See *Strickland*, 466 U.S. at 686. "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." *Ayers*, 938 F.Supp.2d at 113.

## III. DISCUSSION

Here, Defendant fails to establish either prong of an ineffective assistance of counsel claim. Initially, the court notes that Defendant argues his counsel's failure to conduct a meaningful investigation into the applicability of the leadership enhancement was deficient and prejudicial. The court will dismiss the argument outright. Defendant's counsel not only investigated the applicability of the 4-level leadership enhancement, but he additionally filed a sentencing memorandum arguing against it and supplemented the memorandum with oral argument at the sentencing hearing. Thus, Defendant's counsel was not ineffective for failure to investigate the applicability of the 4-level enhancement.

Defendant next argues his counsel was ineffective because he induced Defendant to plead guilty by promising that the 4-level enhancement was not legally or factually applicable to Defendant. Without this promise, Defendant argues he would not have pleaded guilty and would have elected to go to trial. Defendant's own admissions in the plea agreement as well as those at the change of plea hearing belie his argument.

During the plea agreement, Defendant acknowledged that the government intended to seek the 4-level enhancement, but he reserved the right to oppose the enhancement. Inherent in that reservation, however, was the possibility that the government would succeed in its argument and that the enhancement would be applied. (Doc. 165, at 8). Furthermore, the plea

agreement, which Defendant stated he fully reviewed, specifically provided that the court was not bound by the recommendations and stipulations of the parties. (Doc. 165, at 8-9). Additionally, at the change of plea hearing, Defendant acknowledged that the court could impose a sentence different from the estimate his attorney gave him and that the court could impose a sentence more or less severe than the recommended guideline sentence. (Doc. 225, at 22). Defendant gave no indication at any point that he did not understand the representations he was making to the court. To the contrary, at every point, he indicated he wished to plead guilty.

Therefore, in light of these express acknowledgements by Defendant, the court does not find Defendant's allegations regarding his counsel's promises to be credible. Even if his attorney had made such a representation to Defendant, Defendant's subsequent statements, including those made to the court under oath, make his contention that he would not have agreed to plead guilty if the 4-level enhancement were applied implausible. The court need not accept Defendant's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record." *Patton v. United States*, 2010 WL 3191887, *1 (W.D.Pa.2010) (citing *United States v. Estrada*, 849 F.2d 1304,1307 (10th Cir. 1988)). A review of the motion, the transcripts, exhibits, and the briefs of both parties, as well as the law and the claims, makes clear that Defendant's allegations are wholly unsupported by the record. Therefore, the court finds that Defendant has failed to establish

- 9 -

either that counsel's performance was deficient or that the deficiency prejudiced the defense. Accordingly, he is not entitled to Section 2255 relief and the court will **DENY** his motion to vacate. (Doc. 231). An appropriate order will issue.[1]

                                            s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States District Judge**

**DATE: January 6, 2021**
14-275-02

---

[1] Defendant has not requested an evidentiary hearing. However, even if he had, the court would deny the request. See *Drayton v. United States*, No. 3:14-cr-305, 2019 WL 1896601, at *8 (M.D.Pa. Apr. 29, 2019) (denying a motion to vacate without need for an evidentiary hearing because the defendant's claims of ineffectiveness of counsel were nothing more than a "series of subjective perceptions of the facts as well as unsubstantiated assertions regarding the alleged ineffectiveness of his counsel" that were wholly unsupported by the record).